UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MIKE JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:07CV123 CDP |
| ) | |
| FITZGERALD MARINE, ) | |
| & REPAIR, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Mike Jenkins brings this admiralty action against two defendants: his employer Fitzgerald Marine & Repair, Inc., and Ingram Barge Company. Jenkins alleges that he was injured while working as a crew member of the M/V *K.W.* - a vessel owned and operated by Fitzgerald. Ingram has moved under Fed. R. Civ. P. 12(b)(6) to dismiss the sole count of unseaworthiness alleged against it in the complaint – asserting that an unseaworthiness claim may only be brought by a seaman against his employer (in this case, Fitzgerald). Case law on this question is unsettled. Having reviewed the legal authorities on both sides of this issue, however, I conclude that the proper course of action is to allow Jenkins' claim against Ingram to go forward. I will therefore deny Ingram's motion to dismiss.

## Background

The following facts are based on the allegations of Jenkins' complaint, which I must assume are true for purposes of a motion to dismiss. Jenkins was employed as a deck hand and crew member of the Fitzgerald Marine vessel *K.W.* In the course of his duties, and while the *K.W.* was in navigation on the Mississippi River, Jenkins was injured when he threw a pump onto a distressed boat, the M/V *Holman*. The *Holman* is a vessel operated by the defendant Ingram Barge Company.

Jenkins' complaint contains four counts. Against his employer Fitzgerald Marine, Jenkins brings three counts: one under the Jones Act, one for unseaworthiness of the *K.W.*, and one for Fitzgerald's failure to meet its duty of maintenance and cure. Against Ingram, Jenkins alleges one count of unseaworthiness. Jenkins alleges that at the time he attempted to rescue the *Holman*, the *Holman* was unseaworthy and not reasonably fit for its intended purpose. Jenkins alleges that as a result of the *Holman*'s unseaworthiness, he suffered extensive injuries to his back, and seeks compensation for his injury, lost wages, lost earning capacity, and other damages.

## Legal Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a

motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Discussion

A claim of unseaworthiness is "a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). It is a cause of action distinct from Jones Act negligence or a claim for maintenance and cure. *See id.* ("A Jones Act claim is an *in personam* action for a seaman who suffers

injury in the course of employment due to negligence of his employer, the vessel owner, or crew members."); *Wactor v. Spartan Trans. Corp.*, 27 F.3d 347, 352 (8th Cir. 1994) ("'Maintenance and cure' is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel."). The warranty of seaworthiness requires that the ship, including the hull, decks, and machinery, be reasonably fit for the purpose for which they are intended. *Britton v. U.S.S. Great Lakes Fleet, Inc.*, 302 F.3d 812, 818 (8th Cir. 2002). Examples of conditions that can render a vessel unseaworthy include defective gear, appurtenances in disrepair, insufficient manpower, unfit crew, and improper methods of loading or stowing cargo. *Id.* (citing *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499 (1971)).

In *Seas Shipping v. Sieracki*, 328 U.S. 85 (1946), the Supreme Court held that a vessel owner's duty to furnish a seaworthy vessel was broad. The duty owed was not limited to just to the vessel's crew, but rather extended to plaintiffs "doing a seaman's work and incurring a seaman's hazards." *Id*. at 99. Specifically, the Court held that the duty to maintain a seaworthy vessel extended to longshoremen who, although they were not crew members of the particular vessel, were aboard the vessel with the owner's consent. *Id.*

Congress rejected this holding, however, when in 1972 it amended the Longshore and Harbor Workers' Compensation Act (LHWCA). The 1972

amendment provided that any "person covered" under the LHWCA may no longer bring an action against a third-party vessel owner "based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred." 33 U.S.C. § 905(b). Thus, with the passage of this amendment, Congress made clear that it was abolishing the *Sieracki* unseaworthiness claim for plaintiffs covered by the LHWCA.[1]

Since the 1972 amendment, federal courts have reached differing conclusions on the viability of *Sieracki* unseaworthiness claims brought by plaintiffs not covered under the LHWCA. In *Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312 (5th Cir. 1990), the Fifth Circuit held that a *Sieracki* unseaworthiness claim cannot be brought by seamen covered under the Jones Act and injured aboard vessels on which they are not crew members. The court in *Smith* reasoned that Jones Act seamen have "a variety of possible remedies" available to them, including claims for unseaworthiness, maintenance and cure,

---

[1]The House Committee report on the 1972 amendment explained the rationale behind the amendment as follows:

> [T]he seaworthiness concept was developed by the courts to protect seamen from the extreme hazards incident to their employment which frequently requires long sea voyages and duties of obedience to orders not generally required of other workers. The rationale which justifies holding the vessel absolutely liable to seamen if the vessel is unseaworthy does not apply with equal force to longshoremen and other non-seamen working on board a vessel while it is in port.

H.R. Rep. No. 92-1441 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4698, 4703.

and Jones Act negligence against their employer. *Id.* at 314. Thus, "there is no need for [Jones Act plaintiffs] to join the pocket of *Sieracki* seamen." *Id.* at 315. Similarly, the Ninth Circuit in *Normile v. Maritime Company of the Phillippines*, 643 F.2d 1380 (9th Cir. 1981) held that the 1972 amendments by Congress abolished *Sieracki* actions not only for private longshoremen covered by the LHWCA, but also for public longshoremen. According to the Ninth Circuit in *Normile*, "All that the Supreme Court gave, Congress took away," and there remains "no viable precedent" for maintaining an unseaworthiness claim under *Sieracki*. *Id.* at 1382.

District courts in the Fifth and Ninth Circuits applying *Smith* and *Normile* have largely concluded that unseaworthiness claims can no longer be brought by plaintiffs who are not crew members of the defendant's vessel. *See, e.g, Coakley v. Seariver Maritime, Inc.*, 319 F. Supp. 2d 712, 714 (E.D. La. 2004) (plaintiff working on a barge while employed as a crewman of a tug vessel could not maintain an action against the barge owner); *Speer v. Taira Lynn Marine, Ltd.*, 116 F. Supp. 2d 826, 830 n.3 (S.D. Tex. 2000) ("In order to bring an unseaworthiness cause of action, plaintiff must be a member of the crew of the vessel on which he suffered his injury."); *Corrigan v. Harvey*, 951 F. Supp. 948, 952 (D. Haw. 1996) ("A seaman cannot assert an unseaworthiness cause of action against a vessel on which he is not a crew member."); *In re Complaint of Boy*

*Scouts of America*, 875 F. Supp. 1391, 1398 (N.D. Cal. 1994) (Plaintiff on a "brief, primarily recreational, summer cruise" could not maintain a *Sieracki* action.); *Baker v. Hasbrouck*, 1991 WL 240740, at *3 (D. Ore. Nov. 1, 1991) (The *Sieracki* cause of action "is no longer available in this circuit.").

However, not every federal court has reached the same conclusion. In *Turner v. Midland Enterprises, Inc.*, 2006 WL 527006 (E.D. Ky. Mar. 3, 2006), the Eastern District of Kentucky declined to follow the rule in *Smith* and allowed a Jones Act seaman to maintain an unseaworthiness claim against the owner of a barge on which he was not a crew member. The court concluded that absent controlling case law, there was "no reason to depart from the well-established rule that the warranty of seaworthiness extends to those maritime workers who can claim 'seaman' status under the Jones Act." *Id.* at *4 (citing Thomas J. Schoenbaum, 1 *Admiralty & Marine Law* § 6-27, n.22 (4th ed.)).

In the Eighth Circuit, the question whether an unseaworthiness claim may be brought by a seaman against a defendant who is not his employer remains unsettled. At least one district court in this circuit has answered the question in the negative. *See Weathers v. Triple M Transportation, Inc.*, 2006 WL 897651 (E.D. Ark. Mar. 31, 2006) (discussing the holdings in both *Smith* and *Turner*, and concluding that because the plaintiff had "a variety of remedies" available, there was no need to allow an unseaworthiness claim against a non-employer).

Conversely, in *Valentine v. St. Louis Ship Building Company*, 620 F. Supp. 1480, 1482 (E.D. Mo. 1985) the Eastern District of Missouri allowed such a claim to go forward.[2]

Having reviewed the weight of authorities on both sides of this issue, I conclude that no persuasive reason exists at this stage for barring Jenkins' claim for relief against Ingram. Jenkins' unseaworthiness claim is a claim brought under general maritime law. The Supreme Court in *Sieracki* made clear that the duty to maintain a seaworthy vessel extends beyond the crew of the particular vessel, and is owed to anyone who performs services for the vessel with the consent of the owner. *Sieracki*, 328 U.S. at 95 ("[A claim for unseaworthiness] is not confined to seamen who perform the ship's service under immediate hire to the owner, but extends to those who render it with his consent or by his arrangement."). Although Congress invalidated the holding in *Sieracki* as it applies to longshoremen, nothing in the LHWCA amendments implies that an unseaworthiness claim cannot be brought by crew members of other vessels. The mere fact that the law permits Jenkins to bring a variety of claims against his employer Fitzgerald Marine should not prevent him from asserting a claim against

---

[2]Although this case cites *Sieracki* in its discussion of the plaintiff's unseaworthiness claim, and the plaintiff was allowed to assert a claim of unseaworthiness against the defendant, the fact that the defendant was not the plaintiff's employer was not addressed.

Ingram. For these reasons, I will deny Ingram's motion to dismiss and allow Jenkins' unseaworthiness claim against Ingram to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count IV of plaintiff's complaint [#27] is DENIED. This case will be set for a Rule 16 conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2007.