UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MIKE JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:07CV123 CDP |
| | ) | |
| FITZGERALD MARINE | ) | |
| & REPAIR, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Mike Jenkins has brought an admiralty suit against two defendants -- his employer, Fitzgerald Marine & Repair, Inc., and Ingram Barge Company. Fitzgerald and Ingram have also filed cross-claims against one another. Ingram has moved to dismiss Fitzgerald's cross-claim under Fed. R. Civ. P. 12(b)(6). Because I conclude that Fitzgerald's cross-claim sets forth an adequate statement of facts alleging that Fitzgerald is entitled to relief, I will deny Ingram's motion to dismiss.

## Discussion

Jenkins claims he was injured while throwing a pump from the M/V K.W. (a vessel owned by his employer Fitzgerald) to the M/V Holman (a vessel owned by Ingram). Jenkins' complaint alleges three counts against Fitzgerald for

unseaworthiness, maintenance and cure, and Jones Act negligence. Against Ingram, Jenkins asserts one count of unseaworthiness. Fitzgerald's cross-claim against Ingram seeks reimbursement for maintenance and cure amounts already paid to Jenkins, as well as indemnification and contribution relating to Jenkins' current claims.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. Parnes v. Gateway

2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the case presented here, Fitzgerald's cross-claim against Ingram derives directly from Jenkins' claims against Fitzgerald. The cross-claim adequately sets forth a plain statement of the grounds under which Fitzgerald believes it is entitled to relief. Fitzgerald makes reference to Jenkins' complaint, and alleges that the proximate cause of Jenkins' injuries is attributable to Ingram. Under these facts, it is not necessary for Fitzgerald to make any further factual allegations.

Ingram's motion to dismiss the cross-claim largely re-argues issues previously raised in a motion to dismiss Jenkins' complaint. As Ingram correctly points out, a number of courts have held that a Jones Act plaintiff may not bring a claim of unseaworthiness against a party who is not the plaintiff's employer. However, for reasons stated in my earlier memorandum and order, I have concluded that Jenkins may assert a claim against Ingram in this case. See Jenkins v. Fitzgerald Marine & Repair, No. 1:07CV123, 2007 WL 4290705 (E.D. Mo. Dec. 4, 2007). Consequently, Fitzgerald may also seek to recover from Ingram under the theories set forth in the cross-claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ingram Barge Company's motion [#45] to dismiss the cross-claim of Fitzgerald Marine & Repair, Inc. is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a second amended complaint [#48] is granted, and the second amended complaint is deemed filed today.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2008.